Richard R. Rudnansky (SBN: 77981)
rrudnansky@meyersnave.com
Julia L. Bond (SBN: 166587)
jbond@meyersnave.com
Dawn A. McIntosh (SBN: 162713)
dmcintosh@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, California 94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants CITY OF COTATI and PLANNING COMMISSION OF THE CITY
OF COTATI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

MICHAEL MEAD, an individual,

        Plaintiff,

        v.

CITY OF COTATI, a municipal corporation,
PLANNING COMMISSION OF THE CITY
OF COTATI, UNITED STATES FISH AND
WILDLIFE SERVICE, DONALD KOCH, in
his official capacity as Director of the
California Department of Fish and Game,
Does 1-10, inclusive,

        Defendant.

CASE NO. CV 08 3585 CW

**NOTICE OF MOTION AND MOTION OF
DEFENDANTS CITY OF COTATI AND
PLANNING COMMISSION OF THE
CITY OF COTATI TO DISMISS THE
COMPLAINT**

Date:     October 9, 2008
Time:    2:00 p.m.
Crtrm.:  2

Trial Date:        None Set

CV 08 3585 CW

1    PLEASE TAKE NOTICE that on October 9, 2008 at 2:00 p.m. in Courtroom 2 of the US

2  District Court, 1301 Clay Street, Oakland, CA, defendants the City of Cotati and the Cotati

3  Planning Commission (collectively the "City defendants") will move to dismiss the Complaint of

4  plaintiff Michael Mead against the City defendants under Federal Rules of Civil Procedure, Rule

5  12(b)(6) for failure to state a claim for which relief can be granted on the following grounds:

6    (1)    The Complaint fails to state facts sufficient to constitute a cause of action for a

7  taking under 42 U.S.C. § 1983 against the City defendants.

8    (2)    The Complaint fails to state facts sufficient to constitute a cause of action for a

9  violation of substantive due process under 42 U.S.C. § 1983 against the City defendants.

10    (3)    The Complaint fails to state facts sufficient to constitute a cause of action for

11  violation of equal protection under 42 U.S.C. § 1983 against the City defendants.

12    (4)    The Complaint fails to state facts sufficient to constitute a cause of action for

13  violation of the Mitigation Fee Act against the City defendants.

14    This motion is based on this notice of motion and motion, the memorandum of points and

15  authorities filed herewith, all matters that may or must be judicially noticed, the pleadings and

16  papers filed herein, and all matters that may be raised at the hearing on this motion.

17

18  DATED: August 18, 2008                    MEYERS, NAVE, RIBACK, SILVER & WILSON

19

20                                   By:    /s/ Dawn A. McIntosh
                                        Dawn A. McIntosh
21                                      Attorneys for Defendants CITY OF COTATI and
                                        PLANNING COMMISSION OF THE CITY OF
22                                      COTATI

23  1132759.1

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION...................................................................................... 1

II.   FACTS ..................................................................................................... 2

  A.   The California Tiger Salamander and Development of the Santa Rosa Plains Conservation Strategy. ............................................................... 2

  B.   Resolution No. 08-05 and Condition Requiring Mitigation for Impacts to California Tiger Salamander. ................................................. 3

  C.   Plaintiff Had Full Knowledge of the Mitigation Requirements for His Proposed Project Under the Guidelines Prior to the Adoption of the Resolution........................................................................................... 4

  D.   The City's Affordable Housing Requirements.......................................... 6

  E.   Plaintiff Did Not Comply with the City's Affordable Housing Requirements or Appeal the Planning Commission Decision. ......................................... 7

III.  THE STANDARD FOR DISMISSAL UNDER FRCP 12(B)(6) ...................... 7

IV.   PLAINTIFF HAS NOT STATED A VALID FEDERAL CONSTITUTIONAL CLAIM AGAINST THE CITY DEFENDANTS .................................................. 8

  A.   Plaintiff's Constitutional Claims Are Not Ripe Because He Has Not Pursued All Available Administrative Procedures...................................... 8

  B.   Plaintiff's Constitutional Claims Regarding the City Defendants' Affordable Housing Requirement Fail as a Matter of Law.................................... 12

      1.   The Complaint Does Not State A Cause of Action for a Taking Under the Fifth and Fourteenth Amendments.............................. 12

      2.   The Complaint Does Not State a Claim for Substantive Due Process........ 15

      3.   The Complaint Does Not State A Claim for Equal Protection. .................. 16

  C.   Plaintiff's Takings Claim Regarding the City Defendants Condition No. 8 Requiring Mitigation for Impacts to the California Tiger Salamander Fails as a Matter of Law.......................................................................... 17

V.    THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR VIOLATION OF THE MITIGATION FEE ACT ............................................ 19

VI.   CONCLUSION .......................................................................................... 21

NOTICE AND MOTION TO DISMISS

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**FEDERAL CASES**

4
*Associated General Contractors of California, Inc. v. California State Council of
     Carpenters,*
5
     459 U.S. 519 (1983) ..................................................................................................7

6
*Clegg v. Cult Awareness Network,*
     18 F.3d 752 (9th Cir. 1994)......................................................................................8
7

8
*County of Sacramento v. Lewis,*
     523 U.S. 833 (1998) ................................................................................................15

9
*Dolan v. City of Tigard,*
     512 U.S. 374 (1994) ..............................................................................13, 14, 18
10

11
*Gemtel Corp. v. Community Redevelopment Agency of the City of Los Angeles,*
     23 F.3d 1542 (9th Cir. 1994)....................................................................................7

12
*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,*
     896 F.2d 1542 (9th Cir. 1989)..................................................................................8
13

14
*Heller v. Doe,*
     509 U.S. 312 (1993) ................................................................................................16

15
*Jackson Water Works, Inc. v. Public Util. Comm'n of Cal.,*
     793 F.2d 1090 (9th Cir. 1986)................................................................................16
16

17
*Kamaole Pointe Development LP v. Hokama,*
     2008 WL 2622819 (D. Hawaii 2008)....................................................................8, 9

18
*Kaufman & Broad-South Bay v. Unisys Corp.,*
     822 F.Supp. 1468 (N.D. Cal. 1993) .........................................................................8
19

20
*Lingle v. Chevon U.S.A., Inc.,*
     544 U.S. 528 (2005) ................................................................................................15

21
*Loggerhead Turtle v. Volusia County,*
     148 F.3d 1231 (11th Cir. 1998)...........................................................................3, 18
22

23
*Marbled Murrelet (Brachyramphus Marmoratus) v. Pacific Lumber Co.,*
     880 F.Supp. 1343 (N.D. Cal. 1995) .......................................................................18

24
*MGIC Indem. Corp. v. Weisman,*
     803 F.2d 500 (9th Cir. 1986)....................................................................................8
25

26
*Nollan v. California Coastal Commission,*
     483 U.S. 825 (1987) ..............................................................................13, 14, 18

27
*Penn Central Transp. Co. v. New York City,*
     438 U.S. 104 (1978) ..................................................................................................9
28

NOTICE AND MOTION TO DISMISS

*Southern Pacific Transportation v. City of Los Angeles*,
 922 F.2d 498 (9th Cir. 1990)............................................................................................9

*Taylor v. Rancho Santa Barbara*,
 206 F.3d 932 (9th Cir. 2000)......................................................................................16, 17

*Tennessee Valley Auth. v. Hill*,
 437 U.S. 153 (1978)......................................................................................................18

*Thompson v. City of Shasta Lake*,
 314 F.Supp.2d 1017 (E.D. Cal. 2004).............................................................................7

*Thompson v. Illinois Dept. of Prof. Reg.*,
 300 F.3d 750 (7th Cir. 2002).....................................................................................10, 19

*Village of Euclid v. Ambler Realty*,
 272 U.S. 365 (1926)......................................................................................................15

*Williamson Planning Comm'n v. Hamilton Bank*,
 473 U.S. 172 (1985).....................................................................................................8, 9

**STATE CASES**

*Abelleira v. District Court of Appeal*,
 17 Cal.2d 280 (1941)......................................................................................................9

*Barratt American Inc. v. City of Rancho Cucamonga*,
 37 Cal.4th 685 (2005)....................................................................................................11

*Fogarty v. City of Chico*,
 148 Cal.App.4th 537 (2007).....................................................................................11, 12

*Hensler v. City of Glendale*,
 8 Cal.4th 1 (1994)...........................................................................................................9

*Home Builders Association of Northern California v. City of Napa*,
 90 Cal.App.4th 188 (2001)................................................................................13, 14, 15, 18

*McAllister v. County of Monterey*,
 147 Cal.App.4th 253 (2007)............................................................................................9

*Patrick Media Group, Inc. v. California Coastal Commission*,
 9 Cal.App.4th 592 (1992)................................................................................................9

*Travis v. County of Santa Cruz*,
 33 Cal.4th 757 (2004)....................................................................................................15

*Utility Cost Management v. Indian Wells Valley Water Dist.*,
 26 Cal.4th 1185 (2001)..................................................................................................15

*Williams Communications v. City of Riverside*,
 114 Cal.App.4th 642 (2003)......................................................................................11, 12

NOTICE AND MOTION TO DISMISS

1

**FEDERAL STATUTES**

2

16 U.S.C.

3

    Section 1531 *et seq.*....................................................................................2

4

    Section 1532 ....................................................................................2

5

    Section 1538 ....................................................................................2

6

42 U.S.C.

7

    Section 1983 .......................................................................... 1, 8, 9

8

**STATE STATUTES**

9

**GOVERNMENT CODE**

10

    Section 66000 *et seq.*...............................................................*passim*

11

    Section 66000(b) .............................................................. 11

12

    Section 65009(c) .............................................................. 15

13

    Section 66020 .......................................................... 11, 20, 21

14

    Section 66020(a) ...................................................... 11, 20

15

    Section 66020(a)(1) ........................................................ 20

16

    Section 66020(a)(2)(A) .................................................... 20

17

    Section 65580 ...................................................... 13, 15, 16

18

**CALIFORNIA FISH AND GAME CODE**

19

    Section 2050 *et seq.*....................................................... 2

20

**RULES**

21

Federal Rules of Civil Procedure

22

    Rule 12(b)(6) .............................................................. 7

23

24

25

26

27

28

NOTICE AND MOTION TO DISMISS

# I.      INTRODUCTION

This motion to dismiss is brought by defendants City of Cotati and the Planning Commission of the City of Cotati (collectively the "City defendants") in response to claims asserted by plaintiff Michael Mead ("Mead" or "Plaintiff") in his Complaint for Declaratory and Injunctive Relief ("the Complaint").

Mead's First, Second and Third Causes of Action seek declaratory and injunctive relief under 42 U.S.C. § 1983 for alleged constitutional violations.  The Fourth Cause of Action seeks declaratory and injunctive relief for alleged violations of the Mitigation Fee Act.

This motion to dismiss is brought on the following grounds:

1.      Plaintiff cannot state a valid claim against the City defendants for an unlawful taking under 42 U.S.C. § 1983 because the City's affordable housing requirements and condition requiring mitigation for impacts on an endangered species, the California Tiger Salamander, are subject to traditional deferential standard of review and are supported by substantial evidence.

2.      Plaintiff cannot state a valid claim against the City defendants for violation of substantive due process under 42 U.S.C. § 1983 because the City's affordable housing ordinance furthers an important state mandate to provide housing for low-income families.

3.      Plaintiff cannot state a valid claim against the City defendants for violation of equal protection under 42 U.S.C. § 1983 because the ordinance is rationally related to legitimate state interests.

4.      Plaintiff cannot state a valid claim against the City defendants under the Mitigation Fee Act because (a) that Act is inapplicable in the circumstances of this case, and (b) Plaintiff failed to comply with mandatory protest procedures.

5.      Plaintiff cannot state a valid claim against the City defendants under 42 U.S.C. § 1983 because Plaintiff has failed to pursue all available administrative procedures and his claims are not ripe.

The foregoing deficiencies in the Complaint cannot be cured by amendments. Consequently, this motion to dismiss should be granted without leave to amend.

NOTICE AND MOTION TO DISMISS

II.      FACTS

    A.      **The California Tiger Salamander and Development of the Santa Rosa Plains Conservation Strategy.**

The California Tiger Salamander is listed as an endangered species under both the California and Federal Endangered Species Acts ("ESA").  *See* California Tiger Salamander Fact Sheet, RFJN Exhibit A; Complaint ¶¶ 9 and 10.  Under the mandates of the California and Federal ESAs, the U.S. Fish and Wildlife Service ("the Service") and the California Department of Fish and Game ("CDFG") (collectively "the Services") have the power and obligation to implement and enforce measures necessary for the protection of listed species including the California Tiger Salamander.  *See* 16 U.S.C. § 1531 *et seq*. and California Fish and Game Code § 2050 *et seq*.; Complaint ¶¶ 9 and 10.

Once the California Tiger Salamander was listed as an endangered species, "take"[1] of the California Tiger Salamander became prohibited.  16 U.S.C. § 1538.  In the case of the California Tiger Salamander, "take" could occur by destruction of habitat occupied by individuals or habitat used by them for breeding.  RFJN Exhibit A, pp. 2-3; RFJN Exhibit D; Declaration of Vincent Griego, paragraph 3.  In an effort to obtain federal and state authorization to allow routine land use actions and development projects to proceed in Sonoma County despite their impacts on the California Tiger Salamander, stakeholders in the Santa Rosa Plain area covering all interests - state and federal agencies, local governments, private landowners and the environmental community - developed the Santa Rosa Plains Conservation Strategy ("the Conservation Strategy").  *See* Excerpts from the Conservation Strategy, RFJN Exhibit B.

The Conservation Strategy includes detailed evaluations of the California Tiger Salamander and other listed species in the project area and assesses the impacts associated with various conservation measures and land use actions.  *Id*.  It was developed following a rigorous

---

[1] "Take" as used in the Endangered Species Act means to harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to attempt to engage in any such conduct.  16 U.S.C. § 1532.

1   scientific process, utilizing historical and projected data relating to land use and development and

2   peer-reviewed biology that considered the conservation of the California Tiger Salamander. *Id*. It

3   also underwent both scientific peer review and public review. *Id*. The Conservation Strategy was

4   finalized on December 1, 2005. *Id*. The Service then reviewed the Conservation Strategy

5   pursuant to Section 7 of the Federal ESA and issued a programmatic biological opinion in

6   November 2007 assessing impacts of the Conservation Strategy on the California Tiger

7   Salamander. *See* Programmatic Biological Opinion, RFJN Exhibit C.

8         While the Conservation Strategy was being developed, the Services issued Interim

9   Mitigation Guidelines (the "Guidelines")[2] to provide guidance to the City of Cotati and other local

10  jurisdictions as to mitigation measures they would need to impose for activities requiring local

11  permits and authorizations that could result in unlawful take of the California Tiger Salamander.

12  Complaint Exhibit B. State and local governments have been held to have an obligation to comply

13  with the ESA in their regulation of activities that could result in take of listed species.

14  *Loggerhead Turtle v. Volusia County*, 148 F.3d 1231 (11th Cir. 1998), *cert. denied,* 526 U.S. 1081

15  (1999).

16        **B.      Resolution No. 08-05 and Condition Requiring Mitigation for Impacts to
                    California Tiger Salamander.**

17

18        By Resolution No. 08-05 dated January 28, 2008 ("the Resolution"), the Cotati Planning

19  Commission approved a proposal submitted by Mead to construct an eight unit development on a

20  vacant parcel near the intersection of Lund Hill Lane and Valparaiso Ave. in the City of Cotati

21  (the "proposed project"). Complaint Exhibit F, p. 3. As part of the City's review of the proposed

22  project, an Initial Study, Mitigated Negative Declaration and Mitigation Monitoring Program were

23  prepared for the proposed project pursuant to CEQA. *Id*. p. 1.

24        During this process, it was determined that all anticipated environmental impacts of the

25  proposed project, including impacts on the endangered California Tiger Salamander, could be

26  _____

27  [2] The Guidelines were developed in June 2005, and amended in May 2006, by the Services.
    Complaint Exhibit B.

28

1  reduced to a less than significant level with implementation of appropriate mitigation measures.

2  *Id.*; *see also* Complaint Exhibit E, p. 3.  In making this determination, the City relied on the

3  Guidelines, which were designed for local jurisdictions to utilize in CEQA review of projects that

4  may result in take of the California Tiger Salamander.  Complaint Exhibit B.  The Guidelines

5  provide very specific mitigation measures for projects depending on their proximity to known

6  breeding sites and adult occurrences which are mapped and publically available.  Complaint

7  Exhibit B, ¶ 15; Conservation Strategy, RFJN Exhibit B.  Indeed, the Services conclude in the

8  Guidelines that adherence to the mitigation measures set forth therein "will fully mitigate impacts

9  of projects to CTS under CEQA."  *Id.*

10     The mitigation measures required for compliance with CEQA were incorporated into the

11  Resolution as conditions of approval for the proposed project.  Complaint Exhibit F, pp. 4-7.

12  Condition No. 8 provided that "Prior to approval of construction or improvement plans, the

13  applicant shall properly mitigate for the CTS based on the draft interim guidelines and direction

14  issued from USFWS, and supply proof of compliance to the Cotati Planning Department."  *Id.* p.

15  5.

16     **C.    Plaintiff Had Full Knowledge of the Mitigation Requirements for His**
       **Proposed Project Under the Guidelines Prior to the Adoption of the**
17     **Resolution.**

18

19     Since as early as 2004, Mead and his consultants had been in discussions with the Service

20  regarding impacts of the proposed project on the California Tiger Salamander and he was fully

21  aware of the mitigation measures set forth in the Guidelines.  Complaint ¶¶ 15-17; Complaint

22  Exhibit B; Complaint Exhibit K, p. 2 [Plaintiff's biological assessment submitted to the Service

23  regarding impacts of project on California Tiger Salamander was dated May 2004]; Letter from

24  the Service to Derek Marshall, BioConsultant LLC, RFJN Exhibit D; Declaration of Vincent

25  Griego, paragraph 3.  A biological assessment prepared by Plaintiff's consultant in May 2004

26  indicates the proposed project is between 1.3 miles and 2,200 feet of a known breeding site of the

27  California Tiger Salamander.  Complaint ¶ 16.  Mead submitted this biological assessment to the

28  Services for confirmation.  Complaint ¶ 17.

NOTICE AND MOTION TO DISMISS

1    Based on this determination, the Guidelines would require 1:1 mitigation for impacts from

2  Mead's proposed project on the California Tiger Salamander.  Complaint Exhibit B, Guidelines, p.

3  1; Complaint ¶ 16; Complaint Exhibit K, p. 2.  The Service confirmed this obligation in a letter to

4  Mead responding to his submittal of a biological assessment for the proposed project.  RFJN

5  Exhibit D; Declaration of Vincent Griego, paragraph 3. The Guidelines also provide that this

6  mitigation "can be satisfied by acquiring or protecting an equivalent amount of habitat through the

7  purchase of mitigation credits at an approved CTS conservation bank or protecting the appropriate

8  amount of habitat at a mitigation site . . ., or contributing to the Santa Rosa Plan Conservation

9  Fund . . . ."  Complaint Exhibit B, Guidelines p. 2.

10    Despite his intimate familiarity with the amount of mitigation that would be required for

11  his proposed project and the ways in which he could satisfy that requirement, Plaintiff sent the

12  City a letter on April 1, 2008 claiming he "had been given no indication of the nature and scope of

13  the mitigation measures required of him with respect to the CTS."  Complaint Exhibit G, p. 4.

14  The City responded by letter dated June 6, 2008, explaining in detail the scientific and regulatory

15  bases for the mitigation measures in the Guidelines, providing him with a website link to access

16  the Guidelines, and explaining precisely what he needed to provide to the City to comply with

17  Condition No. 8.  Complaint Exhibit I, p. 3.

18    Amazingly, Plaintiff responded by letter dated June 10, 2008, again complaining that the

19  City had failed to specify what was required of him under Condition No. 8.  Complaint Exhibit J,

20  p. 2.  The City responded again on July 3, 2008, elaborating further as to how Plaintiff could

21  satisfy Condition No. 8.  Complaint Exhibit K, p. 2.  Plaintiff replied with a five sentence letter

22  that completely ignored the City's detailed responses as well as the detailed information in the

23  Guidelines, erroneously claiming that the City would not tell Mead what he would need to do to

24  mitigate for impacts to the California Tiger Salamander caused by the proposed project.

25  Complaint Exhibit L.

26

27

28

CV 08 3585 CW

NOTICE AND MOTION TO DISMISS

### D.     The City's Affordable Housing Requirements.

The City's affordable housing requirements are set forth at Chapter 17.31 of the Cotati Municipal Code.[3]  Complaint Exhibit A.  The City's affordable housing ordinance was first adopted in the mid-1980s.  Complaint Exhibit K, Attachment 2; Complaint Exhibit E.  It has been amended several times, most recently in June 2005.  Complaint Exhibit A; Ordinance No. 766, RFJN Exhibit F.  The City's affordable housing provisions are designed to implement the Housing Element of the City's General Plan, to offset the demand on housing created by new development, and to mitigate the environmental and other impacts that accompany new development by protecting the economic diversity of the City's housing stock, by reducing traffic, transit and related air quality impacts, by promoting jobs/housing balance and by reducing the demand placed on transportation infrastructure in the region.  Complaint Exhibit A, p. 3-25, Section 17.31.010 – Purpose; RFJN Exhibit F, p. 12, paragraph 26.

Pursuant to Section 17.31.020, each residential development shall be designed and constructed to provide at least 20 percent of the total units as inclusionary units restricted for occupancy by moderate-, low- or very low-income households.  *Id*. at p. 3-25.  Section 17.31.050 provides an alternative process of payment of an in-lieu fee for residential developments of nine or fewer units such as Plaintiff's proposed project.  *Id*. at p. 3-27.  The City also provides an "In Lieu Fee Schedule" that identifies the requisite fee for individual developments based on their sales price projections.  *Id*., last page.

Section 17.31.060 permits a developer to propose an alternative means of compliance with the City's Affordable Housing Plan, such as construction of inclusionary units off-site, land dedications for construction of inclusionary units, or a combination of a variety of these options.  *Id*. at p. 3-27.  Section 17.31.110 provides that the requirements of Chapter 17.31 may be adjusted or waived if the developer demonstrates to the City Council by the presentation of substantial evidence that applying the requirements of the Chapter would take property in violation of the

---

[3] All Municipal Code references will be to the Cotati Municipal Code unless otherwise specified.

NOTICE AND MOTION TO DISMISS

U.S. or California Constitutions. *Id.* at p. 3-31. Finally, Section 17.84.030(B) provides that a Planning Commission decision can be appealed if filed within 10 calendar days of the date of the decision. Municipal Code Section 17.84.030, RFJN Exhibit G.

      **E.     Plaintiff Did Not Comply with the City's Affordable Housing Requirements or Appeal the Planning Commission Decision.**

Plaintiff has not proposed any inclusionary units as part of the proposed project, nor has he chosen to pay an in-lieu fee or submit an alternative proposal to the City to comply with the City's affordable housing ordinance. Complaint ¶¶ 19 and 20. Plaintiff did not seek an adjustment or waiver of these provisions through an appeal to the City Council. Instead, months after the adoption of the Resolution by the Planning Commission, Plaintiff sent two letters to the City, demanding a waiver and refusing to comply with these provisions, claiming that his project which proposes the building of eight (8) housing units at regular market rates will somehow make housing more affordable for moderate-, low- and very low-income families. Complaint Exhibit G, p. 2; Complaint Exhibit H.

The City responded via letters dated June 6 and July 3, 2008, explaining that the affordable housing requirement is sufficiently definite and understandable, is constitutional, is not subject to the Mitigation Fee Act, and noting that Plaintiff failed to exhaust his administrative remedies by not appealing the Planning Commission Resolution within 10 days as provided for in the Municipal Code. Complaint Exhibits I and K.

## III.    THE STANDARD FOR DISMISSAL UNDER FRCP 12(B)(6)

Dismissal under Federal Rules of Civil Procedure, Rule 12(b)(6) is appropriate where a plaintiff cannot state a set of facts in support of the claim that would entitle it to relief. *Gemtel Corp. v. Community Redevelopment Agency of the City of Los Angeles*, 23 F.3d 1542, 1546 (9th Cir. 1994). "It is not proper for the court to assume 'that [plaintiff] can prove facts which [he or she] has not alleged or that the defendant has violated the...laws in ways that have not been alleged.'" *Thompson v. City of Shasta Lake*, 314 F.Supp.2d 1017, 1022 (E.D. Cal. 2004), quoting *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). In addition, "the court is not required to

1   accept legal conclusions cast in the form of factual allegations if those conclusions cannot

2   reasonably be drawn from the facts alleged. (Citations Omitted.)"  *Clegg v. Cult Awareness*

3   *Network*, 18 F.3d 752, 754-756 (9th Cir. 1994) [court dismissed Section 1983 claims where

4   conclusory allegations were not sufficient to support conclusions of constitutional violation of

5   rights].

6          A court's review is limited to the materials properly submitted with the complaint and

7   those items properly the subject of judicial notice by the Court.  *MGIC Indem. Corp. v. Weisman*,

8   803 F.2d 500, 504 (9th Cir. 1986).  In this case, Plaintiff has submitted 12 exhibits in support of

9   the allegations in the Complaint.  *See* Complaint Exhibits A-L.  The exhibits to the Complaint are

10  deemed part of the complaint and thus may be considered by this Court in ruling on this motion.

11  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, fn 19 (9th Cir. 1989);

12  *Kaufman & Broad-South Bay v. Unisys Corp.*, 822 F.Supp. 1468, 1472 (N.D. Cal. 1993).

13  **IV.    PLAINTIFF HAS NOT STATED A VALID FEDERAL CONSTITUTIONAL**
14  **CLAIM AGAINST THE CITY DEFENDANTS**

15         Mead's first, second and third causes of action are brought under 42 U.S.C. § 1983 for

16  alleged violations of Mead's federal civil rights.  The Complaint, however, does not state a claim

17  under Section 1983 against the City defendants.

18         **A.    Plaintiff's Constitutional Claims Are Not Ripe Because He Has Not Pursued**
        **All Available Administrative Procedures.**
19

20         Plaintiff's allegations that he has been deprived of due process, equal protection and

21  subjected to a taking of private property pursuant to the Fifth and Fourteenth Amendments to the

22  United States Constitution and 42 U.S.C. § 1983 are not ripe because he has not pursued all available

23  administrative remedies to address his issues with the Planning Commission's approval of his

24  application.  *See Williamson Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 187-188, 105 S.Ct.

25  3108, 87 L.Ed 2d 126 (1985).[4]  The law is clear - until an available administrative procedure has

26  _____

27  [4] In addition, Plaintiff's takings claim is not ripe because a plaintiff must pursue state court
    remedies before turning to the federal courts. *Williamson County,* 473 U.S. at 194; *Kamaole*
28  (footnote continued)

                                                    8                          CV 08 3585 CW

1    been invoked and completed by a developer, there is nothing that a court may review. *Abelleira v.*

2    *District Court of Appeal*, 17 Cal.2d 280, 291 (1941); *McAllister v. County of Monterey*, 147

3    Cal.App.4th 253, 275 (2007).

4        In *Williamson Planning*, 473 U.S. 172, the planning commission rejected a plan by a

5    developer because it failed to comply with density limitations in a new city ordinance. The plaintiff

6    could have appealed the decision and sought a variance, but did not do so. The Supreme Court

7    explained that the developer's failure to complete the appeals process provided by a local

8    government renders a takings claim unripe. *Id*. at 191.

9        Important policy considerations require that landowners, permit applicants, and any other

10   parties aggrieved by the issuance, denial, or conditions of issuance of permits must first obtain a

11   final agency action before seeking relief for a taking under Section 1983. *Hensler v. City of*

12   *Glendale*, 8 Cal.4th 1, 10-13 (1994); *Williamson Planning*, 473 U.S. at 186, 191; *Patrick Media*

13   *Group, Inc. v. California Coastal Commission*, 9 Cal.App.4th 592, 611-613 (1992). The Supreme

14   Court consistently has indicated that among the factors of particular significance in the inquiry of

15   whether a regulation has caused a "taking" under the Fifth and Fourteenth Amendments are the

16   economic impact of the challenged action and the extent to which it interferes with reasonable

17   investment-backed expectations. *Penn Central Transp. Co. v. New York City*, 438 U.S. 104, 124, 98

18   S.Ct. 2646, 57 L.Ed.2d 631 (1978). Those factors simply cannot be evaluated until the

19   administrative agency has arrived at a final, definitive position regarding how it will apply the

20   regulations at issue to the particular land in question. *Williamson Planning*, 473 U.S. 172, 191.

21       It is clear from the Complaint, attached exhibits, and documents subject to judicial notice that

22   Plaintiff did not pursue all available administrative procedures. Cotati Municipal Code Section

23   17.84.030(B) provides for an appeal of a Planning Commission decision to be filed within 10

24   calendar days of the date of the decision. RFJN Exhibit G. The Complaint <u>does not</u> allege that

25   _____

26   *Pointe Development LP v. Hokama*, 2008 WL 2622819, p. 17 (D. Hawaii 2008). This requirement
     applies to all takings claims. *Southern Pacific Transportation v. City of Los Angeles,* 922 F.2d
27   498, 505-06 (9th Cir. 1990); *Kamaole*, at p. 17.

28

NOTICE AND MOTION TO DISMISS

1   Mead appealed the Planning Commission's Resolution to the City Council as provided for in Cotati

2   Municipal Code Section 17.84.030(B).  Instead it claims the Planning Commission passed a

3   resolution approving Mead's permit with conditions on January 28, 2008, and erroneously alleges

4   that "Mr. Mead timely protested the Commission's imposition of the affordable-housing and CTS

5   mitigation conditions" via a letter dated April 1, 2008, 63 days later.  Complaint ¶¶ 21 and 34.  The

6   Complaint then alleges, based on these statements, that Mead exhausted his administrative remedies.

7   Complaint ¶¶ 43, 55 and 65.

8           However, it is clear from a review of the plain language of Cotati Municipal Code Section

9   17.84.030 and the correspondence between counsel for Mead and counsel for the City defendants,

10  which are exhibits to and therefore part of the complaint, that Mead did *not* exhaust his

11  administrative remedies.   *See* RFJN Exhibit G; *see also* Complaint Exhibit I, p. 1, Exhibit J, p. 1,

12  and Complaint Exhibit K, p. 1.  Indeed, by letter dated June 6, 2008 (Complaint Exhibit I), the City

13  explained as follows:

14          With respect to your inquiry regarding the City's administrative appeal
            process, please be advised that under Cotati City Code Section 17.84.020, a
15          Planning Commission decision may be appealed to the City Council. . . .
            within 10 calendar days after the date of the decision or action being
16          appealed. . . .  It is clear that the applicant in this case did not timely file an
            appeal under the Cotati Municipal Code . . . .

17

18          Thus, Mead's erroneous allegations in the Complaint are directly contradicted by Cotati

19  Municipal Code Section 17.84.030 and the June 10 and July 3, 2008 letters from the City to Mead.

20  RFJN Exhibit G; Complaint Exhibits I and K.  "When a written instrument contradicts allegations in

21  a complaint to which it is attached, *the exhibit trumps the allegations." Thompson v. Illinois Dept.*

22  *of Prof. Reg.*, 300 F.3d 750, 754 (7th Cir. 2002) (emphasis in original).

23          Mead attempts to get around his failure to timely appeal the Planning Commission's decision

24  by claiming that the Mitigation Fee Act (Cal. Govt. Code § 66000 *et seq.*) governs this action and

25  provides a 90 day statute of limitations for him to protest the affordable housing and California Tiger

26  Salamander mitigation conditions.  Complaint ¶ 24.  This is not the case.  The Mitigation Fee Act

27

28

NOTICE AND MOTION TO DISMISS

1    does not apply to *all* government conditions on development as Plaintiff claims.[5]   Complaint ¶ 24.

2    California courts have repeatedly held that "a fee does not become a 'development fee' [under the

3    Mitigation Fee Act, sections 66000 and 66020] simply because it is made in connection with a

4    development project."  (*Barratt American Inc. v. City of Rancho Cucamonga,* 37 Cal.4th 685, 699

5    (2005) [examples of fees not subject to the Mitigation Fee Act include water and sewer connection

6    fees, charges for ministerial, regulatory building plan review and construction inspection activities

7    that implement state and local building safety standards].

8           The affordable housing requirement and the California Tiger Salamander mitigation

9    condition are not subject to the Mitigation Fee Act because these conditions are <u>not</u> imposed in

10   connection with approval of a development project for the purpose of defraying all or a portion of

11   the cost of public facilities related to the development project and do not constitute "dedications,

12   reservations or other exactions imposed on a development project" for purposes of Cal.

13   Government Code § 66020(a).  Cal. Govt. Code § 66000(b) [defining "fee" as monetary exaction

14   imposed "in connection with approval of a development project for the purpose of defraying all or a

15   portion of the cost of public facilities related to the development project]; *see also Williams*

16   *Communications v. City of Riverside*, 114 Cal.App.4th 642 (2003) [assessment imposed in

17   connection with permit to lay cable in conduit under city streets not a fee as defined in Section

18   66000 because it was not assessed for the purpose of defraying the cost of the project]; *Fogarty v.*

19   *City of Chico*, 148 Cal.App.4th 537 (2007) [condition requiring mitigation of aesthetic impacts not

20   an exaction subject to the Mitigation Fee Act].

21          It is telling that Plaintiff does not cite any specific provision of the Mitigation Fee Act that

22   governs the affordable housing and California Tiger Salamander mitigation conditions, but instead

23   attempts to generally characterize both conditions as "exactions".  Complaint, pp. 13-15.  California

24   _____

25   [5] Mead erroneously asserts that the January 28, 2008 Resolution notified him that he had 90 days
     to challenge <u>all</u> conditions included in the Resolution under the Mitigation Fee Act.  Complaint ¶
26   24.  Rather, the Resolution informed plaintiff that *some* of the conditions set forth therein required
     fees, dedication requirements, reservation requirements or other exactions subject to Section
27   66020 of the Mitigation Fee Act.  Complaint Exhibit F, p. 11.

28

1   courts have examined what constitutes an exaction within the scope of the Mitigation Fee Act and

2   held "the statutes do not define 'exaction' but the term is generally defined to include a

3   'compensation arbitrarily or wrongfully demanded.'" *Williams Communications*, 114 Cal.App.4th

4   642, 658.  This indicates that the usual and ordinary meaning of the word "exaction," the first step in

5   the interpretation of a statute, does not include land use restrictions which are not any form of

6   payment.  *Fogarty v. City of Chico,* 148 Cal.App.4th 537, 543-544.

7        The affordable housing requirement is designed to provide housing for low- and moderate-

8   income families.  The Municipal Code allows the developer to voluntarily opt-out of this

9   requirement by paying an in-lieu fee, which is then used to meet the City's affordable housing goals

10  and needs.  Cotati Municipal Code Section 17.31.050.  It is the developer's choice to opt to pay an

11  in-lieu fee, it is not required by the City.  *Id.*  This is not an exaction under the Mitigation Fee Act.

12       The California Tiger Salamander mitigation condition is also not an exaction subject to the

13  Mitigation Fee Act because it is designed to mitigate for project impacts to a state and federally

14  listed species as required by the Services and CEQA.  Complaint Exhibit B; Complaint ¶¶ 15 and 16.

15  The Mitigation Fee Act simply does not apply to the conditions being challenged by Mead in this

16  action; therefore, Plaintiff was subject to the 10 day appeal period set forth in the Cotati Municipal

17  Code Section 17.84.030(B).

18       The Complaint and exhibits demonstrate that Mead failed to pursue all available

19  administrative procedures and exhaust his administrative remedies.  Therefore, Plaintiff's

20  constitutional claims are not ripe and the Complaint fails to state a cause of action.

**B.    Plaintiff's Constitutional Claims Regarding the City Defendants' Affordable Housing Requirement Fail as a Matter of Law.**

**1.    The Complaint Does Not State A Cause of Action for a Taking Under the Fifth and Fourteenth Amendments.**

25       Plaintiff argues that the City's affordable housing requirements are an unconstitutional

26  taking because the Planning Commission has not demonstrated that an "essential nexus" and

27  "rough proportionality exist" between the inclusionary housing requirement and the impact of

28  Plaintiff's residential project.  Complaint ¶¶ 26, 38, 39, 49 and 52.  Plaintiff relies on two cases is

NOTICE AND MOTION TO DISMISS

1    support of this argument – *Nollan v. California Coastal Commission*, 483 U.S. 825, 107 S.Ct.

2    3141, 97 L.Ed.2d 677 (1987) and *Dolan v. City of Tigard*, 512 U.S. 374, 114 S.Ct. 2309, 129

3    L.Ed.2d 304 (1994). This argument has been squarely rejected by the courts.

4         Courts have repeatedly held that ordinances in California imposing inclusionary housing

5    requirements applicable to development city-wide are constitutional. *See Home Builders*

6    *Association of Northern California v. City of Napa*, 90 Cal.App.4th 188 (2001) ("*HBA*"). In *HBA*, a

7    developer challenged the constitutionality of an affordable housing ordinance adopted by the City of

8    Napa.[6] The court acknowledged the realities in California - that many cities suffer from a shortage

9    of affordable housing, that there is a large and growing homeless population, including many

10   families and teenagers, that workers from low-income families increasingly are forced to live greater

11   distances from their places of employment, which causes increased traffic congestion and pollution.

12   *Id*. at 191. The court also recognized that creating affordable housing for low and moderate income

13   families is a legitimate state interest in California. *Id*. at 195; *see also* Cal. Govt. Code § 65580,

14   subd. (d) [local governments have "a responsibility to use the powers vested in them to facilitate the

15   improvement and development of housing to make adequate provision for the housing needs of all

16   economic segments of the community."].

17        The Napa ordinance imposed on residential developers a requirement that 10% of all newly

18   constructed units be affordable. The ordinance also provided a developer with several other options

19   to satisfy this requirement – payment of an in-lieu fee, dedication of land, or construction of

20   affordable units off site. *Id*. at 192. The ordinance was nearly identical to the ordinance in this

21   action.

22        Plaintiff argued, as Mead argues here, that the ordinance was invalid under *Nollan* and *Dolan*

23   because there was no "essential nexus" or "rough proportionality" between the requirement of the

24   ordinance and the impact caused by the development. *Id*. at 196-197. The court rejected this

25   argument. It held that the intermediate scrutiny standard formulated in *Nollan* and *Dolan* is intended

26   _____

27   [6] Cotati is only 33 miles west of Napa. *See* www.maps.google.com.

28

1   to address situations where an individual landowner seeks to negotiate approval of a planned

2   development in exchange for community benefits which purportedly offset the impact of the

3   development.  The  court found that the more deferential standard of review is applicable to

4   development fees that are applied generally across the board through legislative action such as those

5   imposed by the Napa ordinance and those imposed by the Cotati ordinance.  *Id*.  Under this

6   deferential standard of review, the court found the Napa ordinance easily satisfied constitutional

7   standards.

8         When the City's affordable housing regulations were last revised in June 2005, the City

9   found that its citizens faced a serious housing problem that threatened their economic security.

10  RFJN Exhibit F, p. 12, paragraph 26.  They recognized that lack of affordable housing in the City

11  has a direct impact on the health, safety and welfare of the residents of the City.  *Id*.  They found that

12  state and federal funds have been insufficient to fully address the affordable housing problems in the

13  City and that the private housing market has also failed to provide adequate housing opportunities

14  for moderate-, low- and very-low income households.  *Id*.  The provisions of the chapter were also

15  intended to comply with affordable housing mandates in the Government Code and implement the

16  Housing Element of the City's General Plan.  *Id*.

17        As in *HBA,* the *Nollan* and *Dolan* "essential nexus" and "rough proportionality" standards

18  are inapplicable here.  Instead, the deferential standard of review applies in this action.  Also, as the

19  Supreme Court stated in *Dolan* and the California Court of Appeal applied in *HBA*, when evaluating

20  the validity of generally applicable zoning regulations such as the City's affordable housing

21  ordinance, the burden is on the party challenging the regulation.  *Dolan*, 512 U.S. 374, 391 fn 8;

22  *HBA*, 90 Cal.App.4th 188, 194-195.  The burden is <u>not</u> shifted to the municipality to justify the

23  regulation.  *Id.*

24        The City's affordable housing ordinance results in the creation of affordable housing for low

25  and moderate income families, which is unquestionably a legitimate state interest in California.  As

26  with the nearly identical ordinance in *HBA*, the City's affordable housing ordinance clearly satisfies

27

28

NOTICE AND MOTION TO DISMISS

1    constitutional standards.  Thus, Plaintiff's Complaint fails to state a cause of action that the City's

2    affordable housing ordinance[7] works an unconstitutional taking.

3              **2.       The Complaint Does Not State a Claim for Substantive Due Process.**

4              Substantive due process provides a basis for overturning validly enacted legislation only if

5    the legislation is "clearly arbitrary and unreasonable, having no substantial relation to the public

6    health, safety, morals, or general welfare."  *Village of Euclid v. Ambler Realty*, 272 U.S. 365, 395,

7    47 S.Ct. 114, 71 L.Ed.2d 303 (1926).  A "regulation that fails to serve any legitimate governmental

8    objective may be so arbitrary or irrational that it runs afoul of the Due Process Clause."  *Lingle v.*

9    *Chevon U.S.A., Inc.*, 544 U.S. 528, 542, 125 S.Ct. 2074, 161 L.Ed.2d 876 (2005) citing *County of*

10   *Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); *see also Lingle*,

11   544 U.S. at 549 (Kennedy, J. concurring).

12             As discussed above, there can be no debate that creating affordable housing for low and

13   moderate income families is a legitimate state interest in California.  *HBA,* 90 Cal.App.4th 188; Cal.

14   Govt. Code § 65580, subd. (d). The City's affordable housing ordinance challenged by Plaintiff is

15   designed to ensure that affordable housing is provided for moderate- and low-income families.

16   RFJN Exhibit F, p. 12, ¶ 26.  It implements the Housing Element of the City's General Plan, protects

17   the economic diversity of the City's housing stock, and reduces traffic, transit and related air quality

18   _____

19   [7] While Plaintiff describes his claim as an as applied challenge to the application of the
20   inclusionary housing provisions to his project, it is actually a facial challenge to the
     constitutionality of the ordinance generally.  *See Utility Cost Management v. Indian Wells Valley*
21   *Water Dist.,* 26 Cal.4th 1185 (2001).  In *Utility Cost Management,* a challenge to the imposition of
     a condition requiring payment of a capital facilities fee for a particular project was held to be a
22   facial challenge, not an as applied challenge, because it was a challenge to a "legislative" fee
     imposition rather than an "adjudicatory" fee imposition. *Id.*  "Legislative" fee impositions occur
23   when the ordinance is expressly applicable to the plaintiff and the calculation of the fee is purely
     ministerial based on the formulas set forth in the legislation.  *Id.; see also Travis v. County of*
24   *Santa Cruz,* 33 Cal.4th 757, 770 (2004). The City's affordable housing regulations provide a set
     percentage of total units must be low-income units, or, if the developer chooses to pay an in-lieu
25   fee, there is a table setting forth a fee schedule which is applied ministerially.  Complaint Exhibit
     A.  Challenges to "legislative" fee impositions, such as the City's affordable housing regulations,
26   have been held to be by nature facial challenges.  *Id.*  As such, it is barred by the statute of
     limitations.  Cal. Govt. Code § 65009(c).
27

28

NOTICE AND MOTION TO DISMISS

1   impacts that occur when moderate and low-income workers cannot find affordable housing near

2   their work. *Id.*; Complaint Exhibit A, p. 3-25, Section 17.31.010 – Purpose. It is beyond

3   peradventure that requiring a percentage of residential development in the City to be made available

4   to moderate-, low- and very-low income families clearly furthers legitimate government objectives.

5       Plaintiff's Complaint attempts to state a claim for substantive due process by alleging that the

6   City's affordable housing requirement may cause Plaintiff to build fewer units or to raise the cost of

7   the units that are not earmarked as affordable housing. Complaint pp. 11-12. Considering state law

8   mandates to provide affordable housing and case law confirming that providing such housing

9   furthers a legitimate state interest, Plaintiff's allegations fall far short of stating a valid claim that the

10  City's ordinance is "clearly arbitrary and unreasonable, having no substantial relation to the public

11  health, safety, morals, or general welfare."

12      The Complaint fails to state a claim for substantive due process as a matter of law.

13          **3.      The Complaint Does Not State A Claim for Equal Protection.**

14      Plaintiff does not allege discrimination against a suspect class or infringement of a

15  fundamental right, therefore, his equal protection challenge is subject to the rational basis standard of

16  review. *Taylor v. Rancho Santa Barbara,* 206 F.3d 932, 934-935 (9th Cir. 2000). Applying

17  rational-basis review, a classification survives equal protection challenge if there is a rational

18  relationship between the disparity of treatment and some legitimate governmental purpose. *See*

19  *Heller v. Doe*, 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993); *see also Taylor*, 206

20  F.3d 932, 934-935. Under rational-basis review, a legislature "need not actually articulate at any

21  time the purpose or rationale supporting its classification. Instead, a classification must be upheld if

22  there is any reasonably conceivable set of facts that could provide a rational-basis for the

23  classification." *Heller*, 509 U.S. at 320 (internal quotation marks and string citations omitted).

24  Courts reviewing for a rational basis must accept a legislature's generalizations even when there is

25  an imperfect fit between means and ends; "mathematical nicety" is not required. *Heller*, 509 U.S. at

26  321; *Jackson Water Works, Inc. v. Public Util. Comm'n of Cal.*, 793 F.2d 1090, 1094 (9th Cir. 1986)

27  ["There need not be a 'tight fitting relationship' between the legislative goal and the result."].

28      In *Taylor v. Rancho Santa Barbara*, 206 F.3d 932, the plaintiff sued a mobile home park

NOTICE AND MOTION TO DISMISS

1   claiming that its minimum age requirement, and the state and federal laws that authorized it, were a

2   violation of equal protection.  Defendant filed a 12(b)(6) motion to dismiss claiming that the

3   challenged state and federal statutory schemes survived an equal protection challenge because they

4   were founded upon rational policy decisions by the respective legislative bodies.  The trial court

5   granted the motion to dismiss and the court of appeal affirmed.  The court determined there was a

6   rational basis between the statutory schemes and the legitimate government interest in promoting

7   housing for older persons and on that basis found the complaint failed to state a constitutional claim

8   for equal protection upon which relief could be granted.  *Id*. at 934-935.

9       Plaintiff concedes that the City's inclusionary housing requirements apply to all developers

10  of residential property in the City.  Complaint ¶¶ 14 and 60; Complaint Exhibit A, pp. 3-25 to 3-26.

11  It is indisputable that developers of residential property stand to benefit economically from the

12  construction of residential housing projects and are in a unique position to develop low-income

13  residential properties.  Clearly there is a rational basis for the City's determination that entities that

14  profit from the development of residential housing should bear some responsibility to provide

15  housing for less fortunate individuals.  RFJN Exhibit F, p. 12, ¶ 26.  Simply because Plaintiff would

16  prefer it if the City were to adopt an ordinance requiring all taxpayers in the City to pay a fee to

17  subsidize affordable housing does not mean there is not a rational basis for the City's current

18  ordinance.

19      The City's affordable housing ordinance does not deprive the Plaintiff of equal protection

20  under the laws because the ordinance is rationally related to legitimate state interests.  Thus, Plaintiff

21  fails to state a claim upon which relief can be granted.

22      **C.    Plaintiff's Takings Claim Regarding the City Defendants Condition No. 8
            Requiring Mitigation for Impacts to the California Tiger Salamander Fails as
23          a Matter of Law.**

24      The Guidelines specifically state that mitigation for California Tiger Salamander <u>will be</u>

25  <u>required</u> unless the Services specifically determine that the proposed project will not affect

26  California Tiger Salamander and issue a "no take" letter.  Complaint Exhibit B, p. 1 of Guidelines

27  [emphasis added].  The City has informed Plaintiff repeatedly that it would accept a "no take"

28

NOTICE AND MOTION TO DISMISS                                        CV 08 3585 CW

1   letter from the Services as compliance with Condition No. 8.  Complaint Exhibit E, p. 3;

2   Complaint Exhibit I, p. 3.  In this case, Mead conducted a survey and submitted it to the Services

3   seeking a determination that his project would not impact California Tiger Salamander, but they

4   did not agree with the information submitted and refused to issue a "no take" letter.  Complaint ¶

5   17; RFJN Exhibit D; Declaration of Vincent Griego, paragraph 3.  The Service even conducted a

6   site visit to the property for the proposed project in September 2005 and confirmed that "take" of

7   California Tiger Salamander could result from the proposed project at the project site.  Letter from

8   the Service to Wendy Mountain, RFJN Exhibit E; Declaration of Vincent Griego, paragraph 4.  As

9   the Services state in the Guidelines – "the FWS maintains the authority to determine if a project

10   may affect or result in 'take' of CTS."  Complaint Exhibit B, p. 1 of Guidelines.

11       As discussed above in Section III.B.1, the intermediate scrutiny standard formulated in

12   *Nollan* and *Dolan* does not apply in this situation where the mitigation is required to address

13   impacts of the project on the endangered California Tiger Salamander.  *HBA*, 90 Cal.App.4th 188.

14   The traditional deferential standard of review applies.  *Nollan*, 483 U.S. 825, 834-5, fn.3.

15   Furthermore, in cases challenging protections afforded to endangered species and seeking

16   injunctive relief, courts have acknowledged that the public interest favors the protection of the

17   species.  *See Tennessee Valley Auth. v. Hill*, 437 U.S. 153, 174, 184, 98 S.Ct. 2279, 57 L.Ed.2d

18   117 (1978); *see also Marbled Murrelet (Brachyramphus Marmoratus) v. Pacific Lumber Co.*, 880

19   F.Supp. 1343 (N.D. Cal. 1995), *aff'd,* 83 F.3d 1060 (9th Cir. 1996), *cert. denied,* 519 U.S. 1108

20   (1997); *Loggerhead Turtle*, 148 F.3d 1231, 1249-1252.

21       The Services developed the mitigation measures in the Guidelines based on their

22   knowledge of the status of the endangered California Tiger Salamander, the threats to the species

23   including loss of habitat to development, and their knowledge of known occurrences and breeding

24   sites.  *See* RFJN Exhibits A, B and C; Complaint Exhibit B.  As admitted in the Complaint,

25   Plaintiff is required to mitigate for impacts to the California Tiger Salamander that may be caused

26   by his proposed project because it is between 1.3 miles and 2,200 feet of a known occurrence or

27

28

NOTICE AND MOTION TO DISMISS

1   breeding site and therefore is potential habitat for the California Tiger Salamander.[8]  Complaint ¶

2   16; Complaint Exhibit B, p. 1 of Guidelines.  The California Tiger Salamander is impacted by the

3   loss of habitat, regardless of the number of units the developer is proposing to construct.  *See*

4   RFJN Exhibits A, B and C; Complaint Exhibit B.

5          Furthermore, the Services reviewed site specific information for Plaintiff's property at his

6   request and visited the proposed project site in 2005.  RFJN Exhibits D and E; Declaration of

7   Vincent Griego, paragraphs 3 and 4. The Service informed Plaintiff that his proposed project was

8   likely to impact the California Tiger Salamander and he would need to mitigate for those impacts.

9   RFJN Exhibit D; Declaration of Vincent Griego, paragraph 3.  As discussed fully herein, there is

10  an abundance of data and documentation incorporated as part of the complaint and/or subject to

11  judicial notice which supports the imposition of Condition 8 requiring Mead to mitigate for

12  impacts of the proposed project on the endangered California Tiger Salamander.  This extensive

13  documentary evidence trumps Mead's unsubstantiated accusations.  *Thompson,* 300 F.3d 750,

14  754.

15         Plaintiff has not and cannot state a cause of action for an unconstitutional taking based on

16  the condition requiring mitigation for impacts to the endangered California Tiger Salamander.

17  This claim fails as a matter of law and must be dismissed.

18  **V.    THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR VIOLATION
           OF THE MITIGATION FEE ACT**
19

20         Plaintiff claims the City defendants violated the Mitigation Fee Act because there was not

21  a reasonable relationship between the amount of a permit exaction and the impact of the proposed

22  development.  Complaint ¶ 69.  This argument fails to state a cause of action for several reasons.

23  First, the two conditions challenged by Plaintiff are not an exaction under the Mitigation Fee Act

24  as discussed fully above in Section III.A.  Second, even if the conditions were subject to the

25  _____

26  [8] As Plaintiff admits it is the Services who have imposed the mitigation requirements at issue in
    this case.  Complaint ¶ 40.

27

28

NOTICE AND MOTION TO DISMISS

1   Mitigation Fee Act, which they are not, Plaintiff has failed to comply with the mandatory protest

2   procedures set forth in Cal. Govt. Code § 66020.  *See* Complaint ¶¶ 29 and 36 [Plaintiff is bringing

3   this Mitigation Fee Act challenge pursuant to Cal. Govt. Code § 66020].  Section 66020,

4   subdivision (a), provides:

5           Any party may protest the imposition of any fees, dedications, reservations,
        or other exactions imposed on a development project, as defined in , by a
6       local agency by meeting **both** of the following requirements: [¶] (1)
        Tendering any required payment in full or providing satisfactory evidence
7       of arrangements to pay the fee when due or ensure performance of the
        conditions necessary to meet the requirements of the imposition. [¶] (2)
8       Serving written notice on the governing body of the entity, which notice
        shall contain all of the following information: [¶] (A) A statement that the
9       required payment is tendered or will be tendered when due, or that any
        conditions which have been imposed are provided for or satisfied, under
10      protest. [¶] (B) A statement informing the governing body of the factual
        elements of the dispute and the legal theory forming the basis for the
11      protest.   Emphasis added.

12          The Complaint does not allege compliance with these prerequisites, an essential element to

13  stating a claim upon which relief can be granted.  Furthermore, Exhibits G and I to the Complaint

14  establish conclusively that Plaintiff did not comply with Section 66020, subsections (a)(1) and

15  (a)(2)(A) - he has not tendered the in-lieu housing fees and has failed to provide satisfactory

16  evidence of arrangements to pay the fee when due or ensure performance of the conditions

17  necessary to meet the requirements of the conditions imposed by the Planning Commission.  *See*

18  Complaint Exhibit I, p. 1; Complaint Exhibit G, p. 1 [conceding that Plaintiff did not satisfy the

19  conditions of Cal. Govt. Code § 66020].

20          At all times at issue herein, Plaintiff was fully informed as to his obligations regarding

21  affordable housing and mitigation for impacts to the California Tiger Salamander and was fully

22  capable of providing the City with the information/fees set forth in Cal. Govt. Code § 66020,

23  subsections (a)(1) and (a)(2)(A).  *See* Complaint Exhibit A [the City's affordable housing

24  requirements set forth in Chapter 17.31 of the Cotati Municipal Code]; Complaint Exhibit B [letter

25  from the U.S. Fish and Wildlife Service and California Department of Fish and Game setting forth

26  specific requirements for California Tiger Salamander impact mitigation]; Complaint ¶¶ 15, 16 and

27  22.  His failure to timely submit this information to the City cannot be cured because the ninety day

28

NOTICE AND MOTION TO DISMISS

1   period for submitting the requisite information for filing a protest under Cal. Govt. Code § 66020

2   expired at the end of April.

3        Therefore, the Complaint fails to state a cause of action for violation of the Mitigation Fee

4   Act and this defect cannot be cured by amendment.

5   **VI.    CONCLUSION**

6        For the foregoing reasons, the City defendants respectfully request that this Court dismiss

7   Plaintiff's Complaint and all causes of action therein, without leave to amend, against the City

8   defendants for failure to state a claim upon which relief can be granted.

9

10  DATED: August 18, 2008              MEYERS, NAVE, RIBACK, SILVER & WILSON

11

12                                  By:    ___/s/ Dawn A. McIntosh_____
                                           Dawn A. McIntosh
13                                         Attorneys for Defendants CITY OF COTATI and
                                           PLANNING COMMISSION OF THE CITY OF
14                                         COTATI

15  1132759.1

16

17

18

19

20

21

22

23

24

25

26

27

28

CV 08 3585 CW

NOTICE AND MOTION TO DISMISS